IN THE UNITED STATES DISTIRCT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ISRAEL HAM,
STEVEN GORDON,
PHILLIP HOOKS,
HOLLYE MERTON,
and TOLAR POWELL,

    PLAINTIFFS,

v.                            CASE NO.

ALACHUA COUNTY BOARD
OF COUNTY COMMISSIONERS,
and THE ALACHUA COUNTY MANAGER,

    DEFENDANTS.

## CIVIL RIGHTS COMPLAINT

### Introduction

1. The Alachua County Board of County Commissioners and the Alachua County Manger continue to violate the civil rights of Alachua County citizens. Plaintiffs bravely stepped forward to challenge the County unconstitutional ordinance requiring them to wear mandatory face coverings when traveling within the County to access food, retail, medical, recreational, and government services. The several Plaintiffs have been forced to wear face masks under threat of fine, court proceedings, and possibly arrest. Their physical and mental conditions make it unsafe and unhealthy for them to wear masks. They have been forced to choose whether to wear a mask despite their medical conditions so they can simply enter a

grocery store to buy food. Compliance with the County unlawful edict is often necessary to avoid a quasi-medical examination at the store entrance administered by a non-medical retail employee. If one musters the courage to plead a claim for medical exemption to the retail employee, it must be proven that they "have trouble breathing due to a chronic pre-existing condition" or a "documented or demonstrable medical problem." [1] If one sufficiently demonstrates to the store employee they indeed are too sick, too asthmatic, too mentally ill, or too disabled to wear a mask, they may pass go and may buy dinner for their family. The shopping experience will not be a pleasure because all of the "normal" and "healthy" people in the store will be wearing a mask. The masked shoppers will glare and wonder what ever must be wrong with the person not wearing a mask. The stigmatization is real. The Plaintiffs decide it's easier to stay home than to risk the invasion, stress, anxiety, uncertainty, and stigmatization that comes with trying to access food. This is life today in Alachua County for people with physical and mental health conditions who cannot wear masks.

2. Plaintiffs bring this civil rights lawsuit pursuant to the Civil Rights Act enumerated in U.S.C. § 1983 to vindicate the violation of procedural due process,

---

[1] https://alachuacounty.us/Depts/Communications/Documents/ADACompliant/EO_20-21_First%20amendment_signature.pdf?fbclid=IwAR1BoFM3xjq7rRZJ1P_sfiY9bjDDVFCuYj8IWJ3PvPf_0DxvAK1hLhkF4B8 at Page 4 of 6.

substantive due process right to travel and right to make medical decisions, and equal protection of the law.

## Jurisdiction and Venue

3. Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1343; injunctive and declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court.

4. Venue is appropriate under 28 U.S.C § 1391(b).

## The Plaintiffs

**Israel Ham** (See Exhibit A: Declaration of Israel Ham)

5. Israel Ham is a resident of Alachua County.

6. He is unable to safely wear a face mask that covers his mouth and nose.

7. Mr. Ham is a Veteran. As a result of his military service he was diagnosed with PTSD, Depression, and Severe Anxiety.

8. Mr. Ham also has severe seasonal allergies that cause his nose to bleed. Wearing a mask compounds his breathing difficulties.

9. Wearing a mask triggers his anxiety. He avoids accessing food services because of the heightened stress it will cause him.

10. Mr. Ham uses public transportation to access services. He is dependent on the bus for transportation. He was told by a bus driver that he was required to wear a mask to ride the bus despite his medical conditions.

11. He has been forced to wear a mask to access food. He was turned away from a store for not wearing a mask. He was at the front of the store entry line and felt embarrassed and stigmatized when he was turned away. A crowd of people were staring at him.

12. Mr. Ham is currently unemployed. He has relied on food stamps while he looks for a job. He had a job interview scheduled at Steak n Shake in Gainesville. He did not have a mask, and was told by the manager he could not be interviewed without a mask. He lost the job opportunity.

**Hollye Merton** (See Exhibit A: Declaration of Hollye Merton)

13. Hollye Merton is a resident of Alachua County.

14. She is unable to wear a face mask that covers her mouth and nose.

15. Ms. Merton has skin cancer on the side of her face that becomes irritated when the strap of the mask rubs against it.

16. She receives only social security income and she has no healthcare coverage.

17. Ms. Merton has avoided going to any businesses for services because of the Ordinance.

**Tolar Powell** (See Exhibit A: Declaration of Tolar Powell)

18. Tolar Powell is a resident of Alachua County.

19. He is unable to safely wear a mask that covers his mouth and nose.

20. Mr. Powell has asthma currently exacerbated by seasonal allergies.

21. He also has Fibromyalgia for which he receives social security disability benefits.

22. Mr. Powell is diagnosed with PTSD as a result of being involved in car accident with fatalities.

23. He is financially unable to pay for non-essential doctor visits that are not covered by his insurance and Medicare.

24. Mr. Powell went to a Walgreens store in Gainesville, Alachua County, to pick up a prescription in May of 2020.

25. He was not wearing a mask and he had to explain his medical status and medical exemptions to three different employees.

26. He was finally told by the pharmacist that he could not be in the store. He was told he could only use the drive-through pick up window. He was unable to grocery shop for other items.

27. Mr. Powell now avoids leaving his house until it is absolutely necessary.

28. His experience under the Face Mask Ordinance has caused him to feel stigmatized, anxious, and angry.

**Phillip Hooks** (See Exhibit A: Declaration of Phillip Hooks)

29. Phillip Hooks is a resident of Alachua County.

30. He is unable to safely wear a face mask that covers his mouth and nose.

31. Mr. Hooks is a Vietnam Veteran. He is diagnosed with PTSD and Anxiety Disorder as a result of his military service.

32. Wearing a mask causes him to hyperventilate and "panic" like he is "suffocating".

33. In May 2020 Mr. Hooks was denied entry into a Gainesville Walmart store because he could not wear a mask. He was told he needed a doctor's note before he would be allowed entry into the store without a mask.

34. In May 2020 he was denied entry into a Gainesville Publix store because he was unable to wear a mask. He was told that if a customer complained that he was not wearing a mask, they could call the police and he would be fined $500.00.

35. In May 2020 a Dollar Tree Store employee in Gainesville asked him whether he had asthma, and whether that was the reason he could not wear a mask. When Mr. Hook did not answer the medical question he was denied access to the store.

36. Travelling to access food causes him to feel intimidated, threatened, harassed, fearful, and his blood pressure rises. His blood pressure is sensitive to perceived danger.

**Steven Gordon** (See Exhibit A: Declaration of Steven Gordon)

37. Steven Gordon is a resident of Alachua County.. He is unable to safely and comfortably wear a face mask that covers his mouth and nose.

38. He has chronic asthma and is prescribed an inhaler.

39. On May 4th, 2020, "Steve" attempted to attend a medical appointment at Simed Health in Alachua County.

40. He was not wearing a mask. When he tried to enter the building to attend his medical appointment he was stopped by Officer Ellis of Gainesville Police Department.

41. Steve told the officer he was exempt from wearing a face mask due to his medical condition.

42. He was then denied access to his medical appointment because he could not wear a mask.

43. This encounter caused him to immediately experience anxiety and elevated blood pressure.

44. The Face Mask Ordinance has affected his ability to travel freely in the community to access medical care and food.

45. Steve experienced stigmatization for not wearing a mask in public.

46. He experiences anxiety about whether he will be able to access businesses without a mask.

The Defendants

47. The Alachua County Board of County Commissioners enacted the Face Mask Ordinance.

48. The Board is comprised of Robert "Hutch" Hutchinson, Chair; Mike Byerly, Vice Chair, Marihelen Wheeler, Ken Cornell, and Charles "Chuck" Chestnut, IV, who are not sued in their individual capacities but in their official capacities collectively as the "Board of County Commissioners" or "Board".

49. Pursuant to the Alachua County Home Rule Charter Article II Section 2.1, Alachua County operates under an elected county commission and appointed county manger form of government with separation of legislative and executive functions.[2]

50. The County Manager is Michele L. Lieberman, and she is sued in her official capacity.

The Ordinance

51. Plaintiffs lodge a constitutional challenge against Alachua County Ordinance "First Amendment To Emergency Order No. 2020-21 Phase One Step By Step Recovery Order"[3] and specifically to provision number 8 of that order.

---

[2] Alachua County Home Rule Charter Article II Section 2.1
https://library.municode.com/fl/alachua_county/codes/code_of_ordinances?nodeId=PTIHORUCH

[3] https://alachuacounty.us/Depts/Communications/Documents/ADACompliant/EO_20-21_First%20amendment_signature.pdf?fbclid=IwAR1BoFM3xjq7rRZJ1P_sfiY9bjDDVFCuYj8IWJ3PvPf_0DxvAK1hLhkF4B8

52. Provision 8 orders the "Use of face coverings and personal protective equipment".[4] . Plaintiffs specifically challenge the lawfulness of section 8(c): "A face covering shall not be required for children under six, **persons who have trouble breathing due to a chronic pre-existing condition or individuals with a documented or demonstrable medial problem.**" [5] (Bold typeface added for emphasis). We refer to provision 8 as the "Ordinance" or "Face Mask Ordinance" throughout this Complaint.

53. The County thus far has amended the wording of provision 8, the Face Mask Ordinance in question, twice.

54. Plaintiffs are challenging the substance of the Face Mask Ordinance in its entirety, and not the wording of the Ordinance. Therefore we ask the Court to retain jurisdiction of this subject matter regardless of whether the Ordinance is further amended during the pendency of this action. The Complaint may be amended or supplemented after seeking permission from the Court.

55. Plaintiffs seek to have the Ordinance stricken in its entirety, as there is no manner in which mandatory face masks can be enforced in a lawful manner.

---

[4] https://alachuacounty.us/Depts/Communications/Documents/ADACompliant/EO_20-21_First%20amendment_signature.pdf?fbclid=IwAR1BoFM3xjq7rRZJ1P_sfiY9bjDDVFCuYj8IWJ3PvPf_0DxvAK1hLhkF4B8 Page 4 of 6.
[5] *Id.*

56. Alachua County declared a local state of emergency based on the COVID-19 virus on March 16, 2020.[6]

57. The "First Amendment To Emergency Order No. 2020-21 Phase One Step By Step Recovery Order" states "the CDC, the Florida of Health and the University of Florida recommends the use of face coverings…to slow the spread of the disease".[7]

58. The "First Amendment Order" states "Face masks are of *great* assistance is preventing individuals who may be shedding the virus to spread it to other individuals".  [8] (italics added for emphasis).

59. "The First Amended Order" states "The Centers for Disease Control have recommended the use of the facial covering to reduce the spread of the virus since many individuals with no symptoms can spread the virus."[9] The County embeds a hyperlink in their Order to the CDC website.[10]

---

[6] https://alachuacounty.us/Depts/Communications/Documents/ADACompliant/EO_20-21_First%20amendment_signature.pdf?fbclid=IwAR1BoFM3xjq7rRZJ1P_sfiY9bjDDVFCuYj8IWJ3PvPf_0DxvAK1hLhkF4B8 page 1 of 6.

[7] *Supra*

[8] https://alachuacounty.us/Depts/Communications/Documents/ADACompliant/EO_20-21_First%20amendment_signature.pdf?fbclid=IwAR1BoFM3xjq7rRZJ1P_sfiY9bjDDVFCuYj8IWJ3PvPf_0DxvAK1hLhkF4B8 *see* page 2 of 6.

[9] https://alachuacounty.us/Depts/Communications/Documents/ADACompliant/EO_20-21_First%20amendment_signature.pdf?fbclid=IwAR1BoFM3xjq7rRZJ1P_sfiY9bjDDVFCuYj8IWJ3PvPf_0DxvAK1hLhkF4B8.

[10] https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/diy-cloth-face-coverings.html;

60. Provision number 11 of the Order states an effective date of May 5th, 2020 at 12:01 am and provides no end date. [11]

61. Provision number 14 of the Order states "County or municipalities within its boundaries will direct any establishment to cease and desist operations that are in violation of this Emergency Order and may treat violations as a violation of County or Municipal Ordinance as appropriate. The County has jurisdiction countywide to enforce the terms of this Order." [12]

62. Provision number 16 of the Order states "Any violation of these emergency measures(s) shall be a violation of §252.50, Florida Statutes and may be punishable as provided therein and shall be enforced by law enforcement as provided by law. For failure to wear face coverings in compliance with this Order, the County or municipalities within their jurisdictions will direct any individual acting in violation of this Emergency Order to come into compliance immediately. Failure to comply with the requirements of section 8 of this Emergency Order presents a serious threat to the public health, safety, and welfare, pursuant to Chapter 162, Florida Statutes, and a citation may be issued immediately for such violation. The first violation of section 8 of this Emergency Order shall be subject to a fine of $125.00 to the violator. The second violation of section 8 of this Emergency Order shall be subject to a fine

---

[11] https://alachuacounty.us/Depts/Communications/Documents/ADACompliant/EO_20-21_First%20amendment_signature.pdf?fbclid=IwAR1BoFM3xjq7rRZJ1P_sfiY9bjDDVFCuYj8IWJ3PvPf_0DxvAK1hLhkF4B8
[12] *Supra* at page 5 of 6.

of $250.00 to the violator. All subsequent violations of section 8 of this Order shall constitute a Class V violation under Article II, Chapter 24 of the Alachua County Code of Ordinances, requiring a mandatory court appearance and subject to a fine not to exceed $500.00. All other remedies available at law or equity, including injunction, remain available to the County, even after issuance of a citation." [13]

<u>Exhaustion of Administrative Remedies</u>

63. The Plaintiffs intend to continue to travel freely within the county without wearing masks.

64. The Plaintiffs conduct of travelling freely and exercising a fundamental right to be exempt from wearing a mask is affected with a constitutional interest.

65. Plaintiffs constitutionally protected conduct of travelling freely without wearing a mask is proscribed by the Ordinance.

66. There exists a credible threat of prosecution for engaging in the constitutional conduct of travelling freely and not wearing a mask.

67. Plaintiffs must not be required to undergo prosecution as the means of seeking relief from the Ordinance. [14]

---

[13] https://alachuacounty.us/Depts/Communications/Documents/ADACompliant/EO_20-21_First%20amendment_signature.pdf?fbclid=IwAR1BoFM3xjq7rRZJ1P_sfiY9bjDDVFCuYj8IWJ3PvPf_0DxvAK1hLhkF4B8.
 at page 5 of 6.
[14] *Yashica Robinson v. Haris,* No. 20-11401-B *at* Part III(a.) (11th Cir. 2020)
(quoting *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty.*, 221 F.3d 1211, 1214 (11th Cir. 2000))

68. Plaintiff have standing to bring a pre-enforcement challenge to the Ordinance.

69. Prosecution is likely because provision 16 of the Order states that Plaintiffs can be fined up to $500.00 and required to appear in court. [15]

70. There is a credible threat of prosecution. Plaintiffs have been confronted by law enforcement for not wearing masks. Plaintiffs have been threatened by retail store employees that law enforcement would be called if Plaintiffs do not wear masks.

## COUNT I: The Ordinance is Unconstitutionally Vague

71. The Ordinance fails constitutional muster under U.S.C § 1983 for vagueness.

72. The Ordinance fails to provide notice of the conduct that is required of Plaintiffs.

73. Plaintiffs do not know whether they must bring medical documentation with them to enter a place of business, medical office, recreational facility, or government office.

74. Plaintiffs do not know what type of medical documentation is required to enter a place of business, medical office, recreational facility, or government office.

75. Even though the Ordinance states masks are not required for some people, it is patently unclear the procedures involved for exempting a person from a mask.

---

[15] https://alachuacounty.us/Depts/Communications/Documents/ADACompliant/EO_20-21_First%20amendment_signature.pdf?fbclid=IwAR1BoFM3xjq7rRZJ1P_sfiY9bjDDVFCuYj8IWJ3PvPf_0DxvAK1hLhkF4B8 *see* page 5 of 6.

76. Plaintiffs tried to obtain an exception to wearing a mask but were told they could not access services without a mask.

77. Plaintiffs told employees they had a medical exemption to wearing a mask.

78. Plaintiffs were denied a medical exemption to wearing a mask and were forced to wear a mask or forced to forego access to services.

79. Business employees and law enforcement are not uniformly applying the Ordinance.

80. The Ordinance is arbitrary because it leaves government officials free to decide in each case how the law should apply.

81. There are no fixed standards for applying the Ordinance.

82. The County Ordinance was enacted by the Board of County Commissioners and enforced by the County Manager in their official capacities.

83. The Board of County Commissioners and the County Manager acted under color of state law when they devised and enforced the unconstitutional Ordinance.

84. The Board of County Commissioners and the County Manager proximately caused of the deprivation of Plaintiffs due process rights under the Fifth Amendment to the United States Constitution as applied to the states pursuant to the Fourteenth Amendment of the Bill of Rights.

## COUNT II: The Ordinance Fails to Provide Procedural Due Process

85. The Ordinance provides no procedure for Plaintiffs who cannot wear masks and who have been denied access to a place of business, medical office, recreational facility, or government office.

86. Plaintiffs are forced under the Ordinance to either wear a mask to access services, stay home and avoid accessing services, or attempt to access services without a mask and risk fine, appearance in court, and possibly arrest.

87. The County has failed to provide an administrative remedy for Plaintiffs who have been denied services and who cannot wear masks.

88. Plaintiffs have no process by which they can appeal a decision to be denied access to services.

89. Plaintiffs have no opportunity for a fair and impartial determination of their medical exemption to the Face Mask Ordinance.

90. A confrontation with a non-medical employee or law enforcement officer regarding a medical exemption for accessing services without a mask is insufficient to provide due process.

91. The County Ordinance was enacted by the Board of County Commissioners and enforced by the County Manager in their official capacities.

92. The Board of County Commissioners and the County Manager acted under color of state law when they devised and enforced the unconstitutional Ordinance.

93. The Board of County Commissioners and the County Manager proximately caused of the deprivation of Plaintiffs  procedural due process rights under the Fifth Amendment to the United States Constitution as applied to the states pursuant to the Fourteenth Amendment of the Bill of Rights.

## COUNT III: The Ordinance Violates Substantive Due Process

## a. The Right to Intrastate Travel

94. The Right to Intrastate Travel has been recognized as a fundamental right.[16]

95. Plaintiffs have been unable to travel freely throughout the County because they cannot safely wear face masks.

96. Plaintiffs cannot walk, ride, or travel throughout the County without wearing a face mask because they live under threat of fine, court proceedings, and possibly arrest.

97. One Plaintiff, Israel Ham,  was forced to wear a mask to use public transportation. If he did not use put on the mask he could not ride the bus.

98. All of the  Plaintiffs have  been prevented from traveling to access services because of the Ordinance.

---

[16] *Papachristou Jacksonville*, 405 U.S. 156 (1972); https://www.bu.edu/law/journals-archive/bulr/documents/wilhelm.pdf

The County Ordinance was enacted by the Board of County Commissioners and enforced by the County Manager in their official capacities.

99. The Board of County Commissioners and the County Manager acted under color of state law when they devised and enforced the unconstitutional Ordinance.

100. The Board of County Commissioners and the County Manager proximately caused of the deprivation of Plaintiffs substantive due process rights under the Fifth Amendment to the United States Constitution as applied to the states pursuant to the Fourteenth Amendment of the Bill of Rights.


## b. The Right to Make Medical Decisions

101.The Right to Make Medical Decisions has been recognized as a fundamental right.[17]

102. Plaintiffs are forced to wear masks.

103. Plaintiffs have been unable to obtain exemptions to wearing a mask.

104. The County provides no administrative review for people who have been denied a medical exemption for accessing basic services without a mask.

105. If Plaintiffs do not wear a mask they must live under threat of fine, court hearing, and possible arrest.

---

[17] ". Yashica Robinson v. Planned Parenthood Southeeat Inc., 20-11401 (11th Cir. 2020)

106. Plaintiffs have been denied access to medical appointments because they cannot wear masks.

107. Plaintiffs are unable to freely make the medical decision to not wear a mask.

108. The decision to not wear a mask comes with the punishment of being unable to access basic services.

109. The County Ordinance was enacted by the Board of County Commissioners

110. and enforced by the County Manager in their official capacities.

111. The Board of County Commissioners and the County Manager acted under color of state law when they devised and enforced the unconstitutional Ordinance.

112. The Board of County Commissioners and the County Manager proximately caused of the deprivation of Plaintiffs substantive due process rights under the Fifth Amendment to the United States Constitution as applied to the states pursuant to the Fourteenth Amendment of the Bill of Rights.


## COUNT IV: The Ordinance Violates Equal Protection Rights

113. Plaintiffs are a class of the population who have been denied equal protection of the law.

114. Plaintiffs have physical and mental health conditions that prevent them from wearing masks.

115. Because of the County Ordinance, Plaintiffs have been denied the fundamental right to travel.

116. Plaintiffs cannot travel freely without threat of fine, court proceeding, or possible arrest to access basic services.

117. Because of the County Ordinance, Plaintiffs have been denied the fundamental right to make health decisions about their physical and mental health conditions.

118. Plaintiffs are forced to wear a mask with no opportunity for administrative relief to address their conditions that prevent them from safely wearing masks.

119. The County has placed a burden upon Plaintiffs who have physical and mental health conditions that is unequal to other members of the community.

120. The County Ordinance was enacted by the Board of County Commissioners and enforced by the County Manager in their official capacities.

121. The Board of County Commissioners and the County Manager acted under color of state law when they devised and enforced the unconstitutional Ordinance.

122. The Board of County Commissioners and the County Manager proximately caused of the deprivation of Plaintiffs equal protection rights under the Fourteenth Amendment of the Bill of Rights.

**WHEREFORE**, The Plaintiffs ask this Court to enter declaratory and injunctive relief, compensatory damages in the amount of $100,000.00, attorneys fees and cost pursuant to 42 U.S.C. § 1988(b), and other remedies this Court deems just and proper.

_____

Raemi Eagle-Glenn, Esq.
Florida Bar No. 101374
16 NW 18th Street #110
Gainesville, FL 32603
Raemi@EagleGlennLaw.com
352-316-7091
www.EagleGlennLaw.com

Pursuant to N.D. Fla. Loc. R. 24.1, notice is given that a copy of the Complaint has been served upon State Attorney General, State Attorney for the Eighth Judicial Circuit, and the Attorney for Alachua County.

_____

Raemi Eagle-Glenn, Esq.