# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**ISRAEL HAM, et al.,**

    *Plaintiffs*,

v.                                            **CASE NO.: 1:20cv111-MW/GRJ**

**ALACHUA COUNTY BOARD
OF COUNTY COMMISSIONERS,
et al.,**

    *Defendants*.

_____/

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION[1]

We face a global pandemic in the form of COVID-19. Chief Justice Roberts recently described COVID-19 as "a novel severe acute respiratory illness that has killed . . . more than 100,000 nationwide" and noted that "[a]t this time, there is no known cure, no effective treatment, and no vaccine" and "[b]ecause people may be infected but asymptomatic, they may unwittingly infect others." *S. Bay United Pentecostal Church v. Newsome*, No. 19A1044, 2020 WL 2813056, at *1 (U.S. May 29, 2020) (Roberts, C.J., concurring).

---

[1] This Court will not sit on its order waiting for Plaintiffs' claims to be rendered moot. Instead, this Court issues an abbreviated order to afford Plaintiffs a meaningful opportunity to appeal.

As the nation reopened, as Florida reopened, and to prevent the spread of COVID-19, Alachua County enacted an Emergency Order that mandates wearing of "face coverings" in public "where social distancing measures are not possible" by all individuals except "for children under six, persons who have trouble breathing due to a chronic pre-existing condition or individuals with a documented or demonstrable medical problem." Plaintiffs claim the Emergency Order is unconstitutionally vague, violates their procedural and substantive due process rights, and runs afoul of the Equal Protection Clause. Plaintiffs seek a preliminary injunction enjoining Alachua County from enforcing its Emergency Order.

To obtain a preliminary injunction, Plaintiffs must "plainly establish" four factors: (1) a substantial likelihood they will succeed on the merits; (2) that they will suffer irreparable injury if this Court does not issue a preliminary injunction; (3) that the threatened injury to Plaintiffs outweighs any harm Defendants might suffer as a result of the preliminary injunction; and (4) that granting the preliminary injunction will not disserve the public interest. *See N.E. Fla. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990).

After considering all the submissions of the parties, this Court conducted a telephonic hearing on June 3, 2020. For the reasons stated on the record and as summarized below, Plaintiffs have not satisfied any of the four factors.

Plaintiffs have not demonstrated a substantial likelihood of success on the merits. First, Plaintiffs are on fair notice that they are exempt from the face coverings mandate and the fact that there were misapplications of a prior iteration of the Emergency Order does not render it unconstitutionally vague. Second, among other problems, Plaintiffs have failed to identify a federal constitutional right implicated by the Emergency Order—much less a right impinged by it—and thus Plaintiffs fail to state a substantive due process claim. Third, procedural due process does not require that Plaintiffs be given a pre-enforcement hearing. Finally, applying the rational basis test, Alachua County's Emergency Order is rationally related to a legitimate interest—preventing a spread of COVID-19—and, therefore, Plaintiffs' equal protection claim fails.

Plaintiffs have not demonstrated irreparable harm. The alleged "stigma" does not rise to the level of stigmatization recognized as irreparable. Moreover, the fact that some businesses or clinics may have misapplied the exemption under a prior iteration of the Emergency Order does not amount to the total deprivation of basic life necessities. For example, Plaintiffs did not suggest—much less demonstrate—that because they were turned away from one grocery store that every other grocery chain would misapply the exemption, and no such reasonable inference could be drawn from Plaintiffs' declarations.

3

The limited threatened injury to the Plaintiffs in the form of inconvenience, stigma and the attendant anxiety, and the limited exposure of medical information do not outweigh the harm to Alachua County—namely, among other things, the administrative costs, along with other costs, associated with the spread of COVID-19 and the risk the County's citizens would face if this Court were to enjoin the Emergency Order.

Finally, the issuance of the injunction would not serve the public interest. Limited mandates such as the one at issue here with broad exemptions are certainly in the public interest if they contribute to slowing the spread of COVID-19 in Alachua County.

In so ruling, this Court notes two important qualifications. First, Alachua County does not have unbounded authority in the exercise of its police powers in an emergency. The issue before this Court is whether the County exceeded its authority. Second, this Court is not tasked with deciding whether the Emergency Order at issue is a good idea or a bad idea or with substituting its judgment for that of the county commissioners. As Chief Justice Roberts explained in denying injunctive relief where California limited attendance at places of worship due to COVID-19,

> The precise question of when restrictions on particular social activities should be lifted during the pandemic is a dynamic and fact-intensive matter subject to reasonable disagreement. Our Constitution principally entrusts "the safety and the health of the people" to the politically

4

accountable officials of the States "to guard and protect." . . . When those officials "undertake[] to act in areas fraught with medical and scientific uncertainties," their latitude "must be especially broad." Where those broad limits are not exceeded, they should not be subject to second-guessing by an "unelected federal judiciary," which lacks the background, competence, and expertise to assess public health and is not accountable to the people.

*S. Bay United Pentecostal Church*, 2020 WL 2813056, at *1. Plaintiffs have not demonstrated that Alachua County exceeded its broad limits and this Court, like the Supreme Court, will not engage in second-guessing.

For the reasons stated on the record and summarized above, Plaintiffs' motion for preliminary injunction, ECF No. 7, is **DENIED**.[2]

**SO ORDERED on June 3, 2020.**

                s/Mark E. Walker   
                **Chief United States District Judge**

---

[2] Plaintiffs filed an addendum to their motion, ECF No.17, improperly docketed as a motion. The Clerk shall terminate this docket entry.